## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEAN FRANCIS,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | )   **Civil Action No. 12-0964 (ESH)** |
| | ) |
| **HILDA L. SOLIS, SECRETARY,** | ) |
| **DEPARTMENT OF LABOR,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ANSWER

Defendant, Hilda L. Solis, Secretary, Department of Labor ("Defendant" or "Agency"), by and through undersigned counsel, hereby answers Plaintiff's Complaint.  All allegations not specifically admitted in the Answer are denied.

## PRELIMINARY STATEMENT

Defendant responds to the numbered paragraphs of Plaintiff's Complaint as set forth below:

## PARTIES

1.      Admitted.

2.      Admitted.

3.      Admitted that Defendant conducts operations and is headquartered in Washington, D.C. All allegations, express or implied, contained in paragraph 3 of the Complaint not specifically admitted herein are denied.

4.      Admitted.

## JURISDICTION AND VENUE

5.      Defendant admits on information and belief that Defendant is invoking jurisdiction under

Title VII and 28 U.S.C. § 1343.  All allegations, express or implied, contained in paragraph 5 of

the Complaint not specifically admitted herein are denied.

6.      Admitted on information and belief.

7.      Defendant admits that the Office of the Secretary and the headquarters of the Department

of Labor are located at 202 Constitution Avenue, Washington, D.C. 20210.

8.      Defendant admits that Title VII prohibits discrimination based on religion and national

origin.  All allegations, express or implied, contained in paragraph 8 of the Complaint not

specifically admitted herein are denied.

9.      Denied.

10.     Defendant admits on information and belief that all of the actions complained of in this

case occurred in Washington, D.C.  All allegations, express or implied, contained in paragraph

10 of the Complaint not specifically admitted herein are denied.

11.     Denied.

12.     Admitted.

13.     Admitted.

14.     Admitted on information and belief.

15.     Admitted.

16.     Admitted on information and belief.

**FACTS**

**BACKGROUND OF PLAINTIFF**

17.     Admitted.

18.     Defendant admits that Plaintiff is currently employed by the Department of Labor in a

non-supervisory GS-15 position.  Denied that Plaintiff has been in her present position since June

22, 2009.  Plaintiff was reassigned to a non-supervisory position in ESA effective 6/21/09, but

she was reassigned again to her current non-supervisory position in the DBC (Departmental

Budget Office) effective 11/08/09.

19.     Defendant admits that the ESA's Branch of Budget Formulation and Implementation

(BBFI) was responsible for budget formulation and implementation for ESA.  Defendant denies

that BBFI is "Plaintiff's department" because BBFI ceased to exist when ESA was dissolved in

2009.  All allegations, express or implied, contained in paragraph 19 of the Complaint not

specifically admitted herein are denied.

20.     Admitted.

21.     Admitted that Plaintiff's first line supervisors in ESA were Charlene Dunn, followed by

Janie Blake Green, and that Anne Baird-Bridges served as Plaintiff's second line supervisor in

ESA.  All allegations, express or implied, contained in paragraph 21 of the Complaint not

specifically admitted herein are denied.

22.     Admitted on information and belief.

23.     Admitted on information and belief.

24.     Admitted on information and belief.

25.     Admitted on information and belief.

3

## DISCRIMINATORY ACTIONS TAKEN AGAINST PLAINTIFF

26.     Admitted.

27.     Admitted.

28.     Admitted.

29.     Admitted.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Admitted that Plaintiff e-mailed Charlene Dunn on July 13, 2007, to let her know that Plaintiff was leaving early for an appointment.  All allegations, express or implied, contained in paragraph 33 of the Complaint not specifically admitted herein are denied.

34.     Admitted that Charlene Dunn sent Plaintiff an e-mail containing the sentence "Friday nights are busy and this was no exception."  All allegations, express or implied, contained in paragraph 34 of the Complaint not specifically admitted herein are denied.

35.     Denied.

36.     Denied.

37.     Admitted that Charlene Dunn stated in a meeting, which may have occurred on July 24, 2007, that Plaintiff was the most arrogant person she [Dunn] had ever met and that Plaintiff's attempt to change office procedures rather than adapt to her work environment and the requests of her supervisors was one of the reasons Dunn made this statement.  All allegations, express or implied, contained in paragraph 37 of the Complaint not specifically admitted herein are denied.

4

38.   Admitted that Baird-Bridges asked Plaintiff why she left before her staff did when they were all working late to meet a budget deadline.  All allegations, express or implied, contained in paragraph 38 of the Complaint not specifically admitted herein are denied.

39.   Denied.

40.   Denied.

41.   Admitted that management believed that some of Plaintiff's communications were not logical.  All allegations, express or implied, contained in paragraph 41 of the Complaint not specifically admitted herein are denied.

42.   Denied.

43.   Denied.

44.   Denied.

**RETALIATORY ACTIONS TAKEN AGAINST PLAINTIFF**

45.   Denied on information and belief.

46.   Admitted that Plaintiff complained to Deputy Assistant Secretary Mark Wilson at some point that she was subject to offensive and unprofessional behavior by Baird-Bridges.  Admitted that Plaintiff also approached Deputy Assistant Secretary John Correll about her informal complaint after she filed it.  All allegations, express or implied, contained in paragraph 46 of the Complaint not specifically admitted herein are denied.

47.   Admitted except that Defendant denies that Plaintiff received an October 22, 2008 performance appraisal because Plaintiff's 2008 performance appraisal was dated October 2, 2008.

48.   Denied.

49.     Admitted that Blake Green told Plaintiff that, if there were problems with the budget, she expected Plaintiff to come to her and not the other way around.    All allegations, express or implied, contained in paragraph 49 of the Complaint not specifically admitted herein are denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied that Blake Green fired Serge Louis when he confronted her about unethical practices.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding a conversation between Plaintiff and Serge Louis and therefore denies them.  All allegations, express or implied, contained in paragraph 53 of the Complaint not specifically admitted herein are denied.

54.     Admitted that Plaintiff was placed on a PIP (Performance Improvement Plan) on March 17, 2009.  Admitted that Blake-Green believed that Plaintiff was deficient in providing guidance to her staff, training her staff, and meeting deadlines.  Denied that these were the exclusive grounds for the PIP.  All allegations, express or implied, contained in paragraph 54 of the Complaint not specifically admitted herein are denied.

55.     Denied.

56.     Denied.

57.     Admitted that Complainant was reassigned to a non-supervisory GS-15 Special Assistant position effective June 21, 2009.  All allegations, express or implied, contained in paragraph 57 of the Complaint not specifically admitted herein are denied.

58.     Admitted that Complainant was relocated to new office space when she was reassigned.

6

All allegations, express or implied, contained in paragraph 58 of the Complaint not specifically admitted herein are denied.

59.     Admitted.

60.     Denied.

## <u>COUNT 1</u>

61.     Denied.

62.     Denied.

63.     Denied.

64.     Admitted that Defendant regards very seriously its obligation to provide equal employment opportunity, provides EEO training to supervisors and managers, and has a well-publicized EEO policy and complaint procedure.  Admitted that Defendant is responsible for enforcing laws related to employment but Defendant is not the agency that enforces Title VII. All allegations, express or implied, contained in paragraph 64 of the Complaint not specifically admitted herein are denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

## COUNT II

Defendant incorporates by reference as if fully set forth herein its answers to paragraphs 1 through 69 of the Complaint.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Admitted on information and belief that Plaintiff may have suffered emotional distress prior to and during her employment in ESA.  Denied that such distress was caused by any unlawful acts by Defendant and that Defendant committed any unlawful acts.  All allegations, express or implied, contained in paragraph 79 of the Complaint not specifically admitted herein are denied.

## COUNT III

80.    Defendant incorporates by reference as if fully set forth in this paragraph 45 its answers to paragraphs 1 through 79 of the Complaint.

81.    Admitted on information and belief.

82.    Denied.

8

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Admitted on information and belief that Plaintiff may have suffered emotional distress prior to and during her employment in ESA.  Denied that Plaintiff's distress was caused by any unlawful acts by Defendant and that Defendant committed any unlawful acts.  All allegations, express or implied, contained in paragraph 87 of the Complaint not specifically admitted herein are denied.

88.     Denied.

All allegations contained in the Complaint not heretofore specifically admitted, modified, or denied are hereby generally denied as completely as if separately and specifically denied.

## DEFENSES

Plaintiff failed to exhaust her administrative remedies with regard to her retaliation claim.

## RELIEF

Any relief may be limited by 42 U.S.C. 2000e-5(g)(2)(b) because Defendant would have taken the same action notwithstanding any impermissible motivating factor.

## JURY TRIAL DEMAND

Defendant denies that Plaintiff is entitled to a jury trial except as to those claims that may properly be asserted under 42 U.S.C. 2000e et seq.

WHEREFORE, having fully answered, Defendant respectfully requests that the

Complaint be dismissed with prejudice together with costs or whatever other relief this Court

deems appropriate.

Dated:  August 23, 2012                    Respectfully submitted,

                                          RONALD C. MACHEN JR.
                                          UNITED STATES ATTORNEY
                                          D.C. BAR NUMBER 447889

                                          DANIEL F. VAN HORN, D.C. Bar No. 924092
                                          Acting Chief, Civil Division


                                          _____/s/_____
                                          RHONDA L. CAMPBELL, D.C. Bar No. 462402
                                          Assistant United States Attorneys
                                          Civil Division
                                          555 4th Street, N.W.
                                          Washington, D.C. 20530
                                          (202) 514-9519
                                          Rhonda.campbell@usdoj.gov

                                          Counsel for Defendant United States



*Of Counsel:*
Katherine Brewer
Trial Attorney
Office of the Solicitor
U.S. Department of Labor