**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEAN FRANCIS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )   Civil Action No. 12-0964 (ESH) |
| HILDA L. SOLIS, SECRETARY, | ) |
| DEPARTMENT OF LABOR, | ) |
| | ) |
| Defendant. | ) |

**PARTIES' JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), the parties hereby respectfully submit their Joint Report and Meet and Confer Statement in advance of the Court's Initial Scheduling Conference in this case currently set for September 20, 2012. This Joint Report is based upon telephonic meetings and exchanges of e-mail between Assistant United States Attorney Rhonda L. Campbell, on behalf of Defendant, and Morris E. Fischer, Esq., counsel for Plaintiff.

**CASE SUMMARY**

Plaintiff Jean Francis alleges in her complaint that she was discriminated against based on religion (Seventh-Day- Adventist) and based on National Origin (West Indies), as well as being the subject of retaliation because of her alleged protected activity, in violation of Title VII by her supervisors, Charlene Dunn, Anne Baird-Bridges, and Janice Blake Green, as well as the ESA Office of Management, Administration, and Planning. Plaintiff alleges that this discrimination began on June 10, 2007. Plaintiff was repeatedly reprimanded for leaving at 8:30pm on Friday's to observe her Sabbath, was told if the agency knew during the hiring process that she was Seventh Day Adventist she would have not been hired, her performance reviews were affected due to her not

working on her Sabbath, and faced retaliatory actions such as being removed from her supervisory position and office after she complained of the harassment and discrimination. Plaintiff subsequently filed this law suit, seeking monetary damages and other relief.

Defendant denies all of the allegations raised herein, and maintains that the actions taken by the agency and its officials with respect to Plaintiff were reasonable, justified, and not in violation of the law.

## DISCOVERY PLAN AND PROPOSED SCHEDULE

**(1) Dispositive Motions**

The parties propose that the Court establish a schedule for the filing of dispositive motions after the close of discovery.  In the alternative, if the Court prefers to establish a schedule immediately, the parties proposes the schedule set forth in subparagraph (6) below.

**(2) Joinder/Amendment of Pleadings**

Plaintiff reserves the right to file an amended answer as the evidence developed during discovery requires. Plaintiff does not anticipate that additional parties will be added to this case.

Defendant objects to any amendment of the Complaint.

**(3) Assignment to a Magistrate Judge**

The Plaintiff consents to referral of this case to a magistrate judge for trial. The Plaintiff may be willing to participate in post-discovery settlement discussions mediated by a magistrate judge.

Defendant objects to a referral of this case to a magistrate judge for trial purposes.

**(4) Possibility of Settlement/Mediation**

The parties are amenable to settlement discussions.

**(5) Alternative Dispute Resolution/Mediation**

<u>See</u> Paragraph No. 4 herein.

**(6) Motions for Summary Judgment**

Should the Court wish to schedule the deadlines for summary judgment motions now, the parties proposes that motions for summary judgment, if any, should be filed sixty (60) days after the close of discovery, with oppositions, cross-motions and replies due forty-five (45) days thereafter and replies twenty-one (21) days after oppositions have been filed.

**(7) Prior Discovery**

Resulting from the administrative proceedings in this matter, GSA has turned over the Report of Investigation to the Plaintiff, which includes some documents, and witness affidavits or declarations. There has been no discovery during the administrative process.

**(8) Initial Disclosures**

The parties agree to exchange initial disclosures by October 15, 2012, if no settlement is reached.

**(9) Extent of Discovery**

The parties propose that discovery be postponed until after initial settlement discussions are completed. If settlement discussions are not successful, fact discovery should be completed within six (6) months after the parties exchange initial disclosures, beginning on October 15, 2012, and ending on March 15, 2013.

The parties believe that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Specifically, the parties believe that twenty-five (25) interrogatories and seven (7) depositions per

party should be sufficient. The parties anticipates they will agree to submit a stipulated Privacy Act Protection Order regarding confidential or privacy protected information.

The Plaintiff proposes that the same response time applicable to documents alsoapply to e-discovery. The Plaintiff proposes the following: that responsive electronic documents in this case be produced initially in hard copy format, subject to privilege, work product doctrine, and other objections, unless the parties determine that it would be more efficient and less burdensome to produce emails in electronic format (e.g., on a CD); that it would be unnecessary to produce documents in electronic format absent a specific request for a specified document in this format; and that the parties need not produce metadata as part of electronic discovery. The Plaintiff proposes to dispense with the searching of disaster recovery tapes, such as back up tapes, pursuant to Fed. R. Civ. P. 26(b)(2)(B), unless the disposition of electronic information warrants such a search, as required by the court.

**(10) Expert Witness Reports**

The Plaintiff would agree to the following scheduling regarding Expert WitnessReports: Plaintiff's Rule 26(a)(2) expert disclosures should be made on or before sixty (60) days before the end of discovery; Defendant's Rule 26(a)(2) expert disclosures should be made on or before thirty (30) days before the end of discovery; and Plaintiff's Rebuttal Rule 26(a)(2) expert disclosures, if any, should be made on or before twenty (20) days before the end of discovery.

**(11) Bifurcated Trial/Discovery**

The parties agree that neither discovery in this case nor trial should be bifurcated.

**(12) Pretrial Conference Date**

The parties agree that the Pretrial Conference for this proceeding should be scheduled following the Court's rulings on any post-discovery, outstanding dispositive motion(s).

**(13) Trial Date**

The parties agree that the Court should schedule a trial date at the Pretrial Conference.

Respectfully submitted,

| | |
|---|---|
| /s/ | |
| MORRIS E. FISCHER, ESQ. | RONALD C. MACHEN JR. |
| D.C. Bar No. 490369 | D.C. Bar No. 447889 |
| 1400 Spring Street | United States Attorney |
| Suite 350 | |
| Silver Spring, MD 20910 | |
| (301) 328-7631 phone | /s/ |
| (301) 328-7638 fax | DANIEL F. VAN HORN, D.C. Bar No. 924092 |
| morris@mfischerlaw.com | Acting Chief, Civil Division |
| www.morrisfischerlaw.com | |
| | |
| *Attorneys for Plaintiff* | /s/ |
| | RHONDA L. CAMPBELL, |
| | D.C. Bar No. 462402 |
| | Assistant United States Attorney |
| | Civil Division |
| | 555 4th Street, NW |
| | Washington, DC 20530 |
| | (202) 514-9519 |
| | Rhonda.campbell@usdoj.gov |
| | |
| | *Attorneys for Defendant*s |